SOPHIA PORTER, Appellee, v. GRACE HEISHMAN, Appellant.

**HUSBAND AND WIFE:** Alienation of Affections Per Se. No presumption exists that the affections of a husband and wife for each other were wholly destroyed by the fact that one of them had been guilty of lewd and lascivious conduct with others, and by reason thereof was the victim of a venereal disease.

**HUSBAND AND WIFE:** Divorce as Affecting Action for Alienation. A wife's right of action for the alienation of her husband's affections is in no wise forfeited by the fact that, subsequent to the alienation, she obtained a divorce from her said husband.

**TRIAL:** Assumption of Facts. The court need not, ordinarily, assume the existence of certain facts, even though they are established beyond question, when such facts are merely *collateral* to the main inquiry.

**TRIAL:** Wealth of Litigants. Prejudice may not be predicated on the fact that some slight discussion was had by the jury relative to the comparative wealth of the litigants, when the discussion was had at a time when the jury was in controversy as to whether the verdict should be $10,000 or $12,500, followed by the rendition of a verdict for $11,000, and the prompt remission by the plaintiff of all part of the verdict in excess of $3,500.

**TRIAL:** Second Trial, with Apparently Excessive Verdict. The rendition, after reversal, of a verdict in excess of that which has already been denominated the result of passion and prejudice, tends strongly to prove that the latter verdict is *not* the result of passion and prejudice.

**TRIAL:** Law of Case Ruling Damages. A holding on appeal that damages on that record were the result of passion and prejudice is not the law of the case on a retrial on a different record.

*Appeal from Grinnell Superior Court.*—P. G. NORRIS, Judge.

OCTOBER 29, 1918:

ACTION for damages consequent upon alleged alienation of the affections of plaintiff's husband, resulted in judgment against the defendant. She appeals.—*Affirmed.*

*Miller & Wallingford* and *Oliver H. Miller,* for appellant.

*Thomas J. Bray* and *J. G. Shifflett,* for appellee.

LADD, J.—The facts are sufficiently stated in the opinion filed on the former appeal, 175 Iowa 335. The errors assigned relate to the giving and refusal of instructions, overruling of motion for new trial, and misconduct of the jury.

1. HUSBAND AND WIFE: alienation of affections *per se.*

I. Counsel for defendant requested that the jury be instructed that:

"If you find it established by the evidence that the plaintiff's husband, prior to the alleged acts and conduct of the defendant, had been associating with a woman or women other than the defendant, in a lewd and lascivious manner, and had contracted a venereal disease, you would be warranted in finding from such fact or facts that plaintiff did not then have the affections of her husband."

This was rightly refused. The court ought not to say, as matter of law, that even this much had completely severed the ties of affection which are presumed to have existed. That issue was for the jury.

II. Plaintiff procured a decree of divorce from her husband on the ground of cruel and inhuman treatment, in March, 1914, with alimony. This was long after the alleged

2. HUSBAND AND WIFE: divorce as affecting action for alienation.

alienation, which is said to have occurred in 1911, and the filing of the petition, May 28, 1913. The ruling in *Hamilton v. McNeill,* 150 Iowa 470, was not applicable; for plaintiff in the divorce suit was not adjudged in the wrong. An instruction saying that these matters were important for the jury's consideration was rightly refused.

III.   Counsel for defendant requested the giving of an instruction incorporating a portion of the former opinion, beginning in the fourteenth line on page 342 of 175 Iowa, and complains of its refusal, and of the giving of an instruction permitting the jurors to take such matters, if found, into consideration. The recital of matters in an opinion furnishes no assurance that the evidence bearing thereon is entirely without conflict; and, even though testimony is said to show beyond all possibility of dispute, no harm can well result from saying to the jury that, if found, such matters may be taken into consideration, nor will prejudice ordinarily result in omitting the assumption of their existence. There was no error in the refusal. Criticism of the tenth instruction is hypercritical, and requires no attention.

*3. TRIAL: assumption of facts.*

IV.   During the deliberation of the jury, mention was made of the plaintiff's being poor, and with two children, and of the Heishmans' having property; but this occurred after the jury had agreed to return a verdict for plaintiff, and were haggling over the amount of the verdict, whether it should be $10,000 or $12,500. Manifestly, there could have been no prejudice, in view of the circumstance that a verdict of $11,000 was returned, and a remittitur of all over $3,500 filed by the plaintiff. For this reason, it is unnecessary to consider whether such indefinite talk concerning the financial conditions of litigants should be denounced as misconduct.

*4. TRIAL: wealth of litigants.*

V.   As indicated above, the verdict was for $11,000, and, as a condition to the overruling of a motion for new trial, all over $3,500 was remitted.

*5. TRIAL: second trial with apparently excessive verdict.*

Appellant contends that the court erred in overruling the motion for new trial, for that the verdict must have been found to have been the result of passion and prejudice, and further, that the jury should

have been instructed that damages might not be allowed in excess of $10,000, whereas the limit was stated to be $25,000, the amount prayed for in the petition. This contention is based largely on the last paragraph in the former opinion, found on page 343 of 175 Iowa, indicating that the verdict for $10,000 returned at that trial was the result of passion and prejudice. Appellant necessarily as-

6. TRIAL: law of case ruling damages.

sumes, in argument, that such finding was controlling in the last trial, and that the former opinion settles that if, upon retrial, the verdict be as much as $10,000, it also must be denounced as the result of passion and prejudice. Were the records in the two trials precisely the same, there would be much force in the contention of appellant that the doctrine of *stare decisis* should be applied. See *Sandell v. Des Moines C. R. Co.*, 184 Iowa 525.

When the first opinion was written, it could not well have been known that the record on another trial would be the same as at that trial; and for this reason, it ought not be assumed that the court undertook to deal with conditions otherwise than as they then existed. Moreover, other elements than merely the evidence adduced enter into the determination of what may have or actually did influence the jury in determining what amount of damages should be allowed. The former opinion dealt with the record as then presented, and must be regarded as the law of the case. Since then, another jury has, in considering what is conceded to be substantially the same evidence, fixed the damages to be allowed at $11,000, or $1,000 in excess of the verdict denounced as the result of passion and prejudice. The circumstance that, at the trial following the reversal, another jury returned a larger verdict than that denounced in the former opinion, tends to prove that the damages were measured in harmony with what the average judgment of men would be likely to be in such a case, and

furnishes ground for concluding that the last verdict was the product of the deliberate judgment of the jury, rather than of passion and prejudice; and were another trial to be awarded, the record is such that a verdict in a lesser amount could not well be anticipated, notwithstanding the apparent worthlessness of plaintiff's husband. There seems to be no safe criterion by which to measure the value of the human affections. Nor has anyone discovered with any degree of precision what wrench or jar is sufficient to sever the ties which bind "two souls with but a single thought, two hearts that beat as one."

Two trials, even of the same case, never occur under precisely the same conditions, even though the evidence be the same; and it cannot be assumed that the former opinion proceeded on the theory that this case would prove an exception, and that, be there ever so many retrials, any verdict in no larger an amount must be treated as alone establishing that the particular jury returning it had ignored its duty as such and been swayed by passion and prejudice. All decided on the former appeal was that, on the record as then presented, the verdict was the outcome of passion and prejudice, rather than of deliberate judgment. Here, the fact of a second verdict for substantially the same amount as that formerly returned appeared, with the additional circumstance that the court concluded, as we think it might well have done, that, although the allowance of damages was excessive, this was not due to misconduct on the part of the jury in giving sway to their passions and prejudices, but was the result of deliberate judgment on their part. In other words, the assessment of damages by the second jury at about what the first jury allowed was sufficient alone to eliminate the conclusion that such amount evidenced passion and prejudice on the part of the triers of issues of fact. There was no error, and the judgment is—*Affirmed.*

PRESTON, C. J., EVANS and SALINGER, JJ., concur.